**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

| | |
|---|---|
| Genna B. Laabs, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:20-cv-1534-WCG |
| v. | ) |
| | ) |
| Faith Technologies, Inc., et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Stephanie L. Dykeman
Litchfield Cavo LLP
250 East Wisconsin Avenue
Suite 800
Milwaukee, WI 53202
Telephone: 414.488.1844
Fax: 414.875.3331
dykeman@litchfieldcavo.com

Jeremy P. Blumenfeld
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5258
Fax: 215.963.5001
jeremy.blumenfeld@morganlewis.com

Matthew J. Sharbaugh
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: 202.739.5623
Fax: 202.739.3001
matthew.sharbaugh@morganlewis.com

Keri L. Engelman (*admission forthcoming*)
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02110-1726
Telephone: 617.341.7828
Fax: 617.341.7001
keri.engelman@morganlewis.com

*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION..................................................................................................1

II.     PROCEDURAL BACKGROUND ........................................................................2

III.    STANDARD OF REVIEW ...................................................................................4

IV.     OBJECTIONS .......................................................................................................4

        A.      Plaintiff's Complaint Fails To State A Plausible Breach Of Fiduciary Duty
                Of Prudence Claim Under ERISA As To Plaintiff's Recordkeeping-Fee
                Allegations (Counts I and III)...................................................................4

                1.      The R&R Failed To Properly Apply Controlling Seventh Circuit
                        Precedent To Dismiss Plaintiff's Recordkeeping-Fee Claim, As
                        This Court Recently Did In Oshkosh. ....................................................4

                2.      Plaintiff's Recordkeeping Allegations Are The Same As Oshkosh,
                        Which This Court Found Insufficient And Implausible..........................7

                3.      The R&R's Attempt To Distinguish Divane Was Incorrect And
                        Conflicts Directly With This Court's Decision In Oshkosh....................8

                4.      The District Court Should Give No Weight To The R&R's
                        Reliance On Inapposite Case Law. ......................................................11

        B.      Plaintiff Lacks The Individualized Injury Necessary To Establish Article
                III Standing As To Investments She Never Selected Or Fees She Did Not
                Pay................................................................................................................15

V.      CONCLUSION....................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albert v. Oshkosh Corp.*,
    2021 WL 3932029 (E.D. Wis. Sept. 2, 2021)............................................................*passim*

*Cassell v. Vanderbilt University*,
    285 F. Supp. 3d 1056 (M.D. Tenn. 2018)....................................................................12, 14

*Divane v. Nw. Univ.*,
    953 F.3d 980 (7th Cir. 2020).......................................................................................*passim*

*George v. Kraft Foods Global, Inc.*,
    641 F.3d 786 (7th Cir. 2011).................................................................................11, 12, 13

*Hecker v. Deere & Co.*,
    556 F.3d 575 (7th Cir. 2009)............................................................................................ 2

*Hecker v. Deere & Co.*,
    569 F.3d 708 (7th Cir. 2009).......................................................................................6, 10

*Hughes v. Nw. Univ.*,
    2021 WL 4121358 (U.S. Sept. 3, 2021)........................................................................... 9

*Johnson v. Zema Sys. Corp.*,
    170 F.3d 734 (7th Cir. 1999)............................................................................................ 4

*Loomis v. Exelon Corp.*,
    658 F.3d 667 (7th Cir. 2011)............................................................................................ 2

*Martin v. CareerBuilder, LLC*,
    2020 WL 3578022 (N.D. Ill. July 1, 2020)..................................................................... 10

*Mendez v. Republic Bank*,
    725 F.3d 651 (7th Cir. 2013)............................................................................................ 4

*Ramos v. Banner Health*,
    1 F.4th 769 (10th Cir. 2021)........................................................................................... 14

*Ramos v. Banner Health*,
    461 F. Supp. 3d 1067 (D. Colo. 2020) ...............................................................12, 13, 14

*Spano v. The Boeing Company*,
    125 F. Supp. 3d 848 (S.D. Ill. 2014).........................................................................12, 13

-ii-

# TABLE OF AUTHORITIES
(continued)

*Thole v. U.S. Bank N.A.*,
   140 S. Ct. 1615 (2020)................................................................................. 15

*Tussey v. ABB, Inc.*,
   746 F.3d 327 (8th Cir. 2014)....................................................................12, 13

*VanGenderen v. Artis*,
   2019 WL 1558494 (E.D. Wis. Apr. 10, 2019) (Griesbach, J.)........................... 4

**Statutes**

28 U.S.C. §636(b)(1)................................................................................1, 3, 4

ERISA Section 404(a), 29 U.S.C. § 1104(a) ........................................................2, 9

ERISA Section 406(a)(1), 29 U.S.C. § 1106(a)(1)................................................... 2

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................... 2

Fed. R. Civ. P. 12(b)(6) ........................................................................*passim*

Fed. R. Civ. P. 72(b)(2) ............................................................................... 1

Fed. R. Civ. P. 72(b)(3) ............................................................................... 4

Local Rule 72.1(c)(1)................................................................................... 1

# I.     INTRODUCTION

On September 30, 2021, Magistrate Judge Stephen Dries issued a Report and Recommendation, recommending that the Court grant in part and deny in part the Motion to Dismiss (ECF 9 ("Motion")) filed by Defendants Faith Technologies, Inc. and the Faith Technologies Board of Directors (together, "Faith Technologies").  *See* ECF 26, Report and Recommendation ("R&R").  The R&R correctly recommended dismissal of Plaintiff's breach of fiduciary duty claims premised on the Plan's offering of investment options that were allegedly too costly (including the Guaranteed Income Fund) and the Plan's use of Goalmaker, a breach of the duty of loyalty claim related to "excessive" recordkeeping fees, and an alleged prohibited transaction related to a 2017 tax reimbursement payment.

The R&R incorrectly recommended, however, that Plaintiff's recordkeeping-fee claims of imprudence in Counts I and III should proceed to discovery.  The R&R did so based on the allegation that Faith Technologies failed "to shop for or negotiate recordkeeping fees," and that other plans paid less.  This was error.  Not only does that conclusion run contrary to Seventh Circuit precedent, but it is also irreconcilable with this Court's own recent decision that dismissed virtually identical recordkeeping-fee claims (brought by the same Plaintiff's counsel) premised on virtually identical allegations.  *Divane v. Nw. Univ.*, 953 F.3d 980, 992 (7th Cir. 2020); *Albert v. Oshkosh Corp.*, 2021 WL 3932029, at *7 (E.D. Wis. Sept. 2, 2021) (Griesbach, J.).  The R&R incorrectly applied *Divane* and did not even mention—let alone engage with—this Court's *Oshkosh* ruling. [1]

Accordingly, Faith Technologies submits these Objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b)(2), and Local Rule 72.1(c)(1).

---

[1] Separately, the R&R rejected Faith Technologies' arguments as to Plaintiff's lack of Article III standing to pursue breach of fiduciary duty claims related to investments that she did not make and fees that she does not allege that she paid.  *See infra* at 15-16.

## II.     PROCEDURAL BACKGROUND

On October 2, 2020, Plaintiff filed her Complaint against Faith Technologies asserting five claims for relief:  breaches of the duties of loyalty and prudence under ERISA Section 404(a), 29 U.S.C. § 1104(a), regarding recordkeeping and administration fees (Count I);  breaches of the duties of loyalty and prudence regarding investment management fees (Count II);  failure to adequately monitor other fiduciaries regarding recordkeeping and administration fees (Count III);  failure to adequately monitor other fiduciaries regarding investment management fees (Count IV); and engaging in prohibited party-in-interest transactions in violation of ERISA Sections 406(a)(1) & (b)(1), 29 U.S.C. §§ 1106(a)(1) & (b)(1) (Count V).  ECF 1.

Faith Technologies moved to dismiss the Complaint for failure to state a claim under Rule 12(b)(6) and for lack of Article III standing under Rule 12(b)(1).  ECF 10.  As relevant to these Objections, Faith Technologies made the following arguments, among others:

- Plaintiff's conclusory assertions that the Plan's recordkeeping fees were "excessive"—and that the Plan should have allegedly paid no more than $51 per participant annually—did not state a claim under Seventh Circuit law.  Mot. at 23-24; Reply at 8-9.  As explained, the Seventh Circuit rejected materially identical allegations in *Hecker v. Deere & Co.*, 556 F.3d 575, 585-86 (7th Cir. 2009); *Loomis v. Exelon Corp.*, 658 F.3d 667, 672-73 (7th Cir. 2011); and again in *Divane*, 953 F.3d at 990-91.

- Plaintiff's conclusory allegations that Faith Technologies did not use a "competitive bid process for recordkeeping services" was likewise insufficient to create an inference of imprudence, also having been rejected by *Divane*.  Mot. at 24 n.24; Reply at 11-12.

- The Complaint's flawed recordkeeping-fee comparisons to other so-called similar plans failed to offer plausible factual allegations to show that the Plan's fees were objectively unreasonable and otherwise improper for the services that were provided.[2]  Mot. at 24-26; Reply at 9-11.

- Plaintiff failed to establish Article III standing to pursue claims concerning investments she did not hold or fees that she does not allege she paid.  Mot. at 20-23; Reply at 14-15.

---

[2] Faith Technologies also explained that Plaintiff cannot state a "failure-to-monitor" claim as to the recordkeeping-fee allegations without an underlying fiduciary breach.  Mot. at 26-27.

2

On September 16, 2021, this Court referred this case to Magistrate Judge Dries to "issue a report and recommendation concerning any dispositive and non-dispositive motions that are filed in accordance with 28 U.S.C. §636(b)(1)." ECF 25. At the time of this referral, this Court had just two weeks earlier issued an Opinion and Order dismissing in full a nearly identical complaint in *Oshkosh*, which asserted virtually the same allegations in support of virtually the same claims filed by the same plaintiffs' counsel. To ensure Magistrate Judge Dries was apprised of the *Oshkosh* ruling—which should compel the same result here—Faith Technologies submitted the decision as supplemental authority on September 17, 2021. ECF 26.

On September 30, 2021, Magistrate Judge Dries issued the R&R, recommending that the Court grant in part and deny in part Faith Technologies' Motion. ECF 27. The R&R rightly concluded that the vast majority of Plaintiff's claims should be dismissed, including Plaintiff's breach of the duty of loyalty claim related to "excessive" recordkeeping fees (Count I); all breach of fiduciary duty claims related to "excessive" investment management fees (Count II); the derivative failure-to-monitor claim related to investment management allegations (Count IV); and the prohibited transaction claim (Count V). Respectfully, however, the R&R went astray in recommending that Plaintiff's recordkeeping-fee claim advance beyond the pleadings stage.

Faith Technologies now files these Objections to the R&R's recommendation that the Plaintiff's recordkeeping-fee claim (Count I) and derivative failure to monitor claim (Count III) should proceed. As explained herein, the R&R erred by failing to correctly apply Seventh Circuit controlling law, as this Court did in *Oshkosh*.[3]

---

[3] Faith Technologies is mindful that this Court recently stayed several other cases with motions to dismiss pending the Supreme Court's decision in the *Northwestern* case. The Court did not stay this case, however, so Faith Technologies is submitting its objections in accordance with the deadline for doing so.

## III. STANDARD OF REVIEW

This Court's review of the R&R is governed by 28 U.S.C. § 636(b)(1)(C). A district court must make a de novo determination of any part of a magistrate judge's recommended disposition that has been properly and timely objected to. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); ECF 25; *VanGenderen v. Artis*, 2019 WL 1558494, at *3 (E.D. Wis. Apr. 10, 2019) (Griesbach, J.). Portions of a recommendation to which no party objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id.* The court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); *see also* Rule 72(b)(3). As the Seventh Circuit has put it, a district court may "decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion" and is "free . . . to consider all of the available information about the case." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013).

## IV. OBJECTIONS

### A. Plaintiff's Complaint Fails To State A Plausible Breach Of Fiduciary Duty Of Prudence Claim Under ERISA As To Plaintiff's Recordkeeping-Fee Allegations (Counts I and III)

#### 1. The R&R Failed To Properly Apply Controlling Seventh Circuit Precedent To Dismiss Plaintiff's Recordkeeping-Fee Claim, As This Court Recently Did In *Oshkosh*.

The claims at issue here are not unfamiliar ones to this Court. Just last month, this Court issued a comprehensive and well-reasoned decision dismissing the exact same recordkeeping-fee claims premised on virtually the same allegations in a nearly identically formatted complaint filed by the same plaintiffs' lawyers. *See Oshkosh*, 2021 WL 3932029, at *5. In *Oshkosh*, as here, the

plaintiff alleged that the defendants authorized the plan to pay unreasonably high fees for recordkeeping services. *Id.* at *2-3. This Court summarized the allegations underpinning the plaintiff's recordkeeping-fee claim in *Oshkosh* as follows:

> Plaintiff asserts that Defendants breached their fiduciary duties by causing the Plan to pay excessive recordkeeping fees. He alleges that Defendants did not follow a prudent process because they did not question Fidelity's fees at all or otherwise investigate or consider alternative recordkeeping vendors who could have provided the same services at substantially less cost. Plaintiff asserts that the recordkeeping fees paid by the Plan were more than twice what the Plan should have paid and greatly exceed the normal range for plans its size. He alleges through charts, graphs, and tables that the same or different recordkeepers have accepted lower recordkeeping fees from similar plans with approximately the same number of participants and the same amount of assets under management during the statutory time period. Plaintiff asserts that these allegations allow for the plausible inference of a flawed process and imprudence.

*Id.* at *5. This Court held that those allegations—which are materially identical to the recordkeeping-fee allegations pled here (*see infra* at 11)—were insufficient to state a claim for breach of fiduciary duty under controlling Seventh Circuit precedent.

First, this Court held that "Plaintiff's assertion that Defendants breached their fiduciary duty by ***failing to regularly solicit quotes or competitive bids*** from covered service providers was ***rejected*** by the Seventh Circuit in *Divane v. Northwestern University*, 953 F.3d 980 (7th Cir. 2020)." *Oshkosh*, 2021 WL 3932029, at *5 (emphasis added). It reasoned:

> In [*Divane*], the court affirmed dismissal of an amended complaint asserting similar claims against Northwestern University's employee retirement plan. The court rejected the plaintiffs' theory that the defendant breached its fiduciary duty by failing to solicit quotes or competitive bids for recordkeeping services. It observed that the defendant "was not required to search for a recordkeeper willing to take $35 per year per participant as plaintiffs would have liked." *Id.* at 991. In short, ***nothing required [the Oshkosh] Defendants to regularly solicit quotes or competitive bids in order to satisfy their fiduciary duties***.

*Oshkosh* 2021 WL 3932029, at *5 (emphasis added). In so ruling, this Court rejected the *Oshkosh* plaintiff's argument that *Divane* "does not state that the lack of competitive bidding is probative

5

of an imprudent recordkeeper selection process." Plaintiff's Surreply in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint, *Oshkosh*, No. 20-cv-00901-WCG, ECF 47, at *5 (E.D. Wis. Nov. 19, 2020).

Second, relying on *Divane*, this Court agreed that the amount of the plan's alleged recordkeeping fees also failed to create any inference of imprudence:

> In *Divane*, the court found the plan's recordkeeping fees—which averaged between $153 and $213 annually per participant—were reasonable . . . . [t]he mere existence of purportedly lower fees paid by other plans says nothing about the reasonableness of the Plan's fee, and it does not make it plausible that another recordkeeper would have offered to provide the Plan with services at a lower cost. Like the plaintiffs in *Divane*, Plaintiff has "identified no alternative recordkeeper that would have accepted such a low fee or any fee lower than what was paid" and "failed to explain how a hypothetical lower-cost recordkeeper would perform at the same level necessary to serve the best interests of the plans' participants." *Id.* at 990[.]

*Oshkosh*, 2021 WL 3932029, at *5. Thus, this Court held that it could not infer imprudence "merely because the Plan's recordkeeping fees were the amounts alleged" of "at least approximately $87 per participant"—even when coupled with the allegations that the Oshkosh fiduciaries failed to engage in competitive bidding. *Id.* at *2, *5.

The R&R did not acknowledge *Oshkosh*, let alone engage with its analysis. That is reason enough for this Court to decline to follow the recommendation with respect to Plaintiff's recordkeeping-fee claims, to review the allegations *de novo*, and to dismiss those claims as implausible under Rule 12(b)(6), just as this Court ruled in *Oshkosh*.[4]

---

[4] The R&R also did not engage with other Seventh Circuit precedent on recordkeeping-fee allegations discussed in Faith Technologies' Motion. *See, e.g.*, *Hecker v. Deere & Co.*, 569 F.3d 708, 711 (7th Cir. 2009) (denying rehearing and affirming dismissal because "the complaint is silent about the services . . . the participants received" in exchange for the challenged cost); Mot. at 24.

## 2. Plaintiff's Recordkeeping Allegations Are The Same As *Oshkosh*, Which This Court Found Insufficient And Implausible.

There is no reason to depart from this Court's apt and thorough reasoning in *Oshkosh*. This is particularly true given that the recordkeeping-fee allegations put forward here are a mirror image of the recordkeeping-fee allegations that this Court rejected as implausible in *Oshkosh*, and Faith Technologies presented many of the same arguments in its Motion and Reply as those in *Oshkosh*. *See* Mot. at 23-27; Reply at 8-12; *compare* Compl. ¶¶ 71-114, 222-233, *with* Am. Compl., *Oshkosh*, No. 1:20-cv-00901-WCG, ECF 20, ¶¶ 71-114, 245-256. By way of illustration, the plaintiff in *Oshkosh* alleged:

- "During the Class Period, Defendants failed to regularly solicit quotes and/or competitive bids from covered service providers, including but not limited to Fidelity, in order to avoid paying unreasonable fees for RK&A services."

- "During the Class Period, Defendants failed to ensure that the Plan paid no more than a competitive reasonable fee for RK&A services."

- "During the Class Period and because Defendants did not solicit quotes and/or competitive bids from covered service providers, including but not limited to Fidelity, before and/or when paying fees for RK&A services, the Plan's RK&A service fees were significantly higher than they would have been had Defendants engaged in these processes."

- "During the Class Period and because Defendants did not engage in any objectively reasonable and/or prudent efforts when paying fees for RK&A services to covered service providers, including but not limited to Fidelity, these RK&A service fees were significantly higher than they would have been had Defendants engaged in these efforts."

- "From the years 2014 through 2018 and based upon the best publicly available information, which was equally or even more easily available to Defendants during the Class Period, the table below illustrates the annual RK&A fees paid by other Plans of similar sizes with similar amounts of money under management, many of whom used the same RK&A service provider as the Plan, compared to the average annual RK&A Fees paid by the Plan."

- "From the years 2014 through 2018 and based upon the best publicly available information, which was equally or even more easily available to Defendants during the Class Period, the table and graph above illustrate that a prudent Plan Fiduciary

would have paid on average an effective annual RK&A fee of around $40 per participant, if not lower."

- "From the years 2014 to 2018, and because Defendants did not act in the best interests of the Plan's Participants, and as compared to other Plans of similar sizes with similar amounts of money under management, the Plan actually cost its Participants a total minimum amount of approximately $2,722,365 in unreasonable and excessive RK&A fees."

Am. Compl., *Oshkosh*, No. 1:20-cv-00901-WCG, ECF 20, ¶¶ 92, 94, 98, 99, 101, 104, 108. Paragraph-for-paragraph, these are the same cookie-cutter allegations and claims that Plaintiff asserts here. *See* Compl. ¶¶ 92, 94, 98, 99, 101, 104, 108.[5]

The *Divane* complaint, too, included the same sorts of allegations about the failure to investigate alternative recordkeepers and the lack of competitive bidding, and that the same services could have been obtained for a much lower "reasonable" fee. *See* Am. Compl., *Divane*, No. 18-cv-2569, ECF 38, ¶¶ 89, 151, 154, 249 (N.D. Ill. Dec. 15, 2016).[6] The Seventh Circuit (and the district court, before it) still found the recordkeeping-fee allegations implausible. *Divane*, 953 F.3d at 989-91. The same result should follow here.

### 3. The R&R's Attempt To Distinguish *Divane* Was Incorrect And Conflicts Directly With This Court's Decision In *Oshkosh*.

The R&R suggested that *Divane* is distinguishable and not controlling to the recordkeeping-fee claims asserted here because (i) the plans at issue in *Divane* used two recordkeepers (versus one here); and (ii) the plans at issue in *Divane* were required to use one of

---

[5] Many of these are the same allegations the R&R relied upon in recommending, contrary to *Divane* and *Oshkosh*, that Plaintiff's recordkeeping-fee allegations plausibly state a claim. *See* R&R at 7-8, 14.

[6] As just two examples, the amended complaint in *Divane* alleged: (1) "Defendants also ***failed to evaluate*** whether … the Plans could have saved millions of dollars in ***administrative*** and investment management costs ***by hiring a different recordkeeper***" (¶ 89 (emphases added)); and (2) "Defendants also ***failed to conduct a competitive bidding process*** for the Plans' recordkeeping services … to select a recordkeeper charging reasonable fees, negotiate a reduction in recordkeeping fees, and rebate the full amount of excess expenses paid by participants for recordkeeping services" (¶ 151 (emphasis added)).

those recordkeepers for various reasons. R&R at 9. This is far too cabined a reading of *Divane*, as this Court recognized in rejecting similar arguments made by Plaintiff's counsel in *Oshkosh*.[7] *See supra* at 6; Transcript of Hearing on Motion to Dismiss, *Oshkosh*, No. 1:20-cv-00901 (E.D. Wis. Jan. 11, 2021), ECF No. 38, at 30:2-8 (arguing that *Oshkosh* was "different from *Divane*. Again, we don't have multiple vendors, we don't have a situation where there is only really one recordkeeper you can have, when you're talking about 403(b) plans, TIAA, and they have very specialized funds that need to be included in order for participants to get better fee schedules").

Divane found, as a categorical matter, "no ERISA violation with Northwestern's recordkeeping arrangement," 953 F.3d at 991, even though the plan's alleged recordkeeping fees—$153 to $213 annually per participant (more than four to six times the plaintiffs' preferred $35 fee)—were significantly greater than the alleged recordkeeping fees for the Plan here—an average of $110 annually per participant (about two times Plaintiff's preferred fee of $51 (*see* Compl. ¶¶ 100, 104)). And notably, the alleged fee in *Oshkosh* was $87, about two to three times the plaintiff's preferred fee of $30 to $45 in that case. *Oshkosh*, 2021 WL 3932029, at *2. In *Divane*, the Seventh Circuit did not limit its decision to plans that used more than one recordkeeper or plans that needed to use a particular recordkeeper to offer particular investments, as the R&R suggested. *See Divane*, 953 F.3d at 990-91. Indeed, the *Divane* plaintiffs alleged that a reasonable recordkeeping fee would have been $35 and pointed to other university plans that allegedly negotiated better deals (as Plaintiff does here), but the Seventh Circuit still deemed those

---

[7] Indeed, in their Opening Brief filed with the Supreme Court, the plaintiffs in *Divane* characterized the Question Presented broadly: "Whether allegations that a defined-contribution retirement plan paid or charged its participants fees that substantially exceeded fees for alternative available investment products or services are sufficient to state a claim against plan fiduciaries for breach of the duty of prudence under ERISA, 29 U.S.C. § 1104(a)(1)(B)." *Hughes v. Nw. Univ.*, 2021 WL 4121358 (U.S. Sept. 3, 2021).

allegations insufficient to state a claim, as it did the plaintiffs' challenge to the plans' use of a revenue sharing fee arrangement for recordkeeping. *Id.*

Neither did the Seventh Circuit announce that a certain level of fees is considered a "safe harbor," as the R&R inaccurately construed Faith Technologies' arguments. R&R at 10. But the Court of Appeals did hold that without plausible allegations about a fiduciary's process—because the prudence standard is based on process, not outcomes—courts cannot infer imprudence merely because a plan's recordkeeping fees were higher than other plans' fees. *Divane*, 953 F.3d at 990-91. That takeaway must hold here, particularly since the Plan's fees were comfortably beneath even the low end of the range in *Divane*—and only twice as much as the Complaint's alleged "reasonable" fee, rather than four to six times as much—despite the Plan having a fraction of the so-called "bargaining power" as compared to Northwestern. *See* Reply at 9; *see also Martin v. CareerBuilder, LLC*, 2020 WL 3578022, at *4 (N.D. Ill. July 1, 2020) (applying *Divane* broadly to conclude that the plan's recordkeeping fees, ranging from about $130 to about $220 per person, "were not inconsistent with prudent portfolio management").

Moreover, the Complaint here is devoid of any facts describing the specific services that the recordkeeper provided to the Plan. *See* Mot. at 24. That deficiency is an independent reason why the claim comes up short. *Divane* found that a plaintiff cannot state a plausible claim of breach of fiduciary duty under ERISA simply by "propos[ing] alternative recordkeeping arrangements [she] would have preferred." 953 F.3d at 989. In other words, absent any such facts about the quality and level of recordkeeping services, Plaintiff cannot plausibly allege that the recordkeeper's compensation was "excessive" or "unreasonable" relative to the services provided, *Hecker*, 569 F.3d at 711, or that another recordkeeper would have offered to provide the Plan with services at a lower cost, *Divane*, 953 F.3d at 991. *See also* Mot. at 24.

10

Despite these deficiencies, the R&R gave substantial weight to Plaintiff's conclusory allegations that "discrepancies between what *allegedly comparable plans* were paying and what the defendants paid are *a possible indication* of *any damages* that might have resulted from the defendants' failure to solicit bids from any other third-party recordkeeping providers or negotiate with Prudential to obtain a better price." R&R at 11 (emphasis added). These allegations are not enough to state a fiduciary-breach claim. This Court already rejected *these nearly identical* "charts, graphs, and tables" in *Oshkosh*, and should do so here too. *See supra* at 5.

There is more. The R&R disregarded the many other deficiencies in the comparative fee allegations, including that (1) many of the Complaint's so-called "similar" plans have vastly different asset levels or participant counts; (2) a cherry-picked set of a handful of plans says nothing about how the Plan's fees compared to the market as a whole; (3) the allegations fail to account for how the Plan's scope and level of recordkeeping services compare to those of the "similar" plans; and (4) the charts compare the this Plan's *total fees* to only a *fraction of the fees* for most of her comparative plans by listing only the "direct compensation" disclosed by the so-called "similar" plans and ignoring that the plans also paid indirect compensation (i.e., revenue sharing) to their recordkeepers. Mot. at 24-26; Reply at 10-11.

For all of these reasons, or any one of them alone, Plaintiff's recordkeeping allegations fail to state any plausible claim under Seventh Circuit precedent.

### 4. The District Court Should Give No Weight To The R&R's Reliance On Inapposite Case Law.

The R&R's erroneous recommendation is all the more objectionable inasmuch as it rests on procedurally inapposite cases and other out-of-circuit district court decisions.

In recommending that Plaintiff stated a claim based merely on threadbare allegations that Faith Technologies did not consider alternative recordkeepers, the R&R relied heavily on *George v.*

11

*Kraft Foods Global, Inc.*, 641 F.3d 786, 800 (7th Cir. 2011). The R&R improperly reasoned that *George* created a rule that requires fiduciaries to "shop around" for recordkeepers and solicit competitive bids. R&R at 11. Building on that mistaken reading of *George*, the R&R concluded that allegations that a fiduciary "fail[ed] to shop for or negotiate recordkeeping fees" are sufficient to state a fiduciary breach claim. *Id.* at 11, 18. The R&R also relies on *Tussey v. ABB, Inc.*, 746 F.3d 327, 336 (8th Cir. 2014); *Ramos v. Banner Health,* 461 F. Supp. 3d 1067, 1133 (D. Colo. 2020), *Spano v. The Boeing Company*, 125 F. Supp. 3d 848, 865 (S.D. Ill. 2014); and *Cassell v. Vanderbilt University*, 285 F. Supp. 3d 1056, 1064 (M.D. Tenn. 2018), for this same point. R&R at 11-13. But none of these decisions supports the R&R's recommendation.

As an initial matter, and as Faith Technologies explained in its Motion and Reply, "competitive bidding" does not speak to prudence one way or the other because nothing in ERISA requires it. Mot. at 23-24 n.24 (citing cases); Reply at 11-12.[8] *George* is not to the contrary. *George* does not say anything about the plausibility of claims under Rule 12(b)(6), and certainly does not say that a bare allegation of failing to "shop" around for a recordkeeping provider is enough to state an imprudence claim. The *George* court was reviewing a case after summary judgment, and the relevant analysis invoked by the R&R related to the district court's exclusion of the plaintiffs' expert witness who opined, among other things, that the fiduciaries' failure to solicit competitive bids was one of many factors informing the fiduciary process. 641 F.3d at 798-800. In other words, the Seventh Circuit in *George* was not even addressing whether the complaint in that case stated a claim, because that issue was not even presented. The Seventh Circuit simply held that the plaintiffs should have been allowed to present expert testimony to show that the absence of competitive bidding on

_____

[8] Even Plaintiff's counsel conceded, as they must, in *Oshkosh* that "conducting an RFP is not required to determine a reasonable RK&A fee." Am. Compl., *Oshkosh*, No. 1:20-cv-00901-WCG, ECF 20, ¶ 87.

12

those particular facts could have contributed to an imprudent process. But the Seventh Circuit certainly did not announce some categorical rule—as the R&R seems to endorse—that a bare allegation of no competitive bidding states a plausible claim. Indeed, if that were the case, then the allegations of no competitive bidding would have been sufficient to state a claim in *Divane* too. It was not, as this Court explained in *Oshkosh*: "Plaintiff's assertion that Defendants breached their fiduciary duty by failing to regularly solicit quotes or competitive bids from covered service providers was rejected by the Seventh Circuit in *Divane*." *Oshkosh*, 2021 WL 3932029, at *5.

The same is true for the decisions in *Tussey*, *Ramos*, and *Spano*. *Tussey* and *Ramos*, both out-of-circuit decisions, involved rulings following bench trials on the plaintiffs' breach of fiduciary duty claims. R&R at 11-12. *Spano* was a district court decision from Illinois at summary judgment issued some six years before *Divane*. *Id.* at 12. Like *George*, these cases are inapt authorities for dictating the Rule 12(b)(6) standard for stating a plausible claim based on recordkeeping-fee allegations. And each of these cases is easily distinguishable from this one in any event.

The Eighth Circuit's affirmance in *Tussey* was based on the court's findings at trial that, in addition to not determining whether the recordkeeper's "pricing was competitive," the defendants failed to "calculate the amount the Plan was paying Fidelity for recordkeeping through revenue sharing" and to "make a good faith effort to prevent the subsidization of administration costs of ABB corporate services with Plan assets, even after ABB's own outside consultant notified ABB the Plan was overpaying for recordkeeping and might be subsidizing ABB's other corporate services." *Tussey*, 746 F.3d at 336 (internal quotation marks omitted). The court in *Spano* similarly denied summary judgment as to the recordkeeping-fee claim also based on allegations that there were "unreasonably high administrative fees in order to benefit [the defendants'] corporate relationship with State Street/CitiStreet." 125 F. Supp. 3d at 866. No such allegations are present here. While

13

*Cassell* involved a Rule 12(b)(6) motion, it is a non-binding, out-of-circuit district decision that predates the Seventh Circuit's decision in *Divane*. 285 F. Supp. 3d 1056. The R&R's reliance on *Ramos* fares no better. In *Ramos*, the court correctly acknowledged that "a Plan is not required by ERISA to engage in a [request for proposal ("RFP")] to determine the reasonableness of fees." *Ramos*, 461 F. Supp. 3d at 1103. It cannot follow, then, that merely alleging that a fiduciary did not engage in competitive bidding for recordkeeping fees can state a plausible claim. Moreover, despite finding that the defendants had not undertaken an RFP for recordkeeping services in twenty years, the court in *Ramos* denied the plaintiffs' request to order an RFP as injunctive relief. *Id.* at 1142-43. The Tenth Circuit affirmed. It held that even when a fiduciary fails to conduct an RFP over twenty years, that is not enough to demonstrate a fiduciary breach:

> Specifically, the class appears to be most concerned with the district court's decision not to require Banner to hold a request for proposals to test the market for recordkeeping and administrative services . . . . The class reasons that because Banner has still not performed a request for proposals or otherwise tested the market, Banner's breach continues.

> The district court did not abuse its discretion in denying injunctive relief. Banner characterizes the court's breach finding as stemming entirely from Banner's failure to test the market. That is wrong. ***The court did not find a breach simply because Banner had failed to perform a request for proposals***. ***Rather, the court found a breach of fiduciary duty because Banner failed to adequately monitor the uncapped, revenue-sharing agreement.***

*Ramos v. Banner Health*, 1 F.4th 769, 784-85 (10th Cir. 2021) (emphasis added).

Ultimately, the on-point precedent is *Divane*, where the Seventh Circuit rejected an inference of imprudence on a Rule 12(b)(6) motion based on allegations of a lack of competitive bidding. 953 F.3d at 990. This principle controls here, as it did in *Oshkosh*, and so Plaintiff's recordkeeping-fee claims should be dismissed. *See supra* at 6-7.

**B.    Plaintiff Lacks The Individualized Injury Necessary To Establish Article III Standing As To Investments She Never Selected Or Fees She Did Not Pay.**

Separate from the substantive shortcomings of Plaintiff's allegations, Faith Technologies argued that Plaintiff also failed to establish the jurisdictional prerequisite of Article III standing to pursue claims concerning investments she did not hold or fees she did not pay. Mot. at 20-23; Reply at 14-15. The R&R improperly concluded that Plaintiff "has standing to assert all the fiduciary duty claims brought in this action even though she did not invest in each of the plan options at issue." R&R at 6. The R&R distinguished the Supreme Court's decision in *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615 (2020), reasoning that because this Plan is a defined contribution plan (unlike the defined benefit plan in *Thole*), Plaintiff's alleged "actual injury to her own Plan accounts" is "an injury in fact that is causally related to the conduct she challenges on behalf of the Plan." R&R at 6. This is not correct. True, *Thole* involved a defined benefit plan. But the distinction between a defined contribution plan and a defined benefit plan makes no difference here for Article III purposes. *See* Mot. at 20-23; Reply at 14-15.

Faith Technologies recognizes that in *Oshkosh*, this Court did not reach the question of standing. But the Court should correct the R&R's analysis and rule otherwise here.

## V.    CONCLUSION

For the reasons explained above, Faith Technologies respectfully requests that the Court reject the R&R recommendations as to Counts I and III and dismiss the entirety of Plaintiff's claims—and this action—with prejudice.

15

Dated:  October 14, 2021

                                                    *s/ Stephanie L. Dykeman*

Stephanie L. Dykeman                                Jeremy P. Blumenfeld
Litchfield Cavo LLP                                 Morgan, Lewis & Bockius LLP
250 East Wisconsin Avenue                           1701 Market Street
Suite 800                                           Philadelphia, PA 19103
Milwaukee, WI 53202                                 Telephone: 215.963.5258
Telephone: 414.488.1844                             Fax: 215.963.5001
Fax: 414.875.3331                                   jeremy.blumenfeld@morganlewis.com
dykeman@litchfieldcavo.com

                                                    Matthew J. Sharbaugh
                                                    Morgan, Lewis & Bockius LLP
                                                    1111 Pennsylvania Avenue, N.W.
                                                    Washington, DC 20004
                                                    Telephone:  202.739.5623
                                                    Fax:  202.739.3001
                                                    matthew.sharbaugh@morganlewis.com

                                                    Keri L. Engelman (*admission forthcoming*)
                                                    Morgan, Lewis & Bockius LLP
                                                    One Federal Street
                                                    Boston, MA  02110-1726
                                                    Telephone:  617.341.7828
                                                    Fax:  617.341.7001
                                                    keri.engelman@morganlewis.com

                                                    *Attorneys for Defendants*

16

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on October 14, 2021, a true and correct copy of the foregoing document was filed via the Court's ECF System.

*s/ Stephanie L. Dykeman*
Stephanie L. Dykeman