UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GENNA B. LAABS, individually and as
a representative of a class of participants
and beneficiaries of the Faith Technologies
Inc. 401(k) Retirement Plan,

              Plaintiff,

              v.                                      Case No. 20-C-1534

FAITH TECHNOLOGIES, INC., et al.,

              Defendants.

## DECISION AND ORDER

Plaintiff Genna B. Laabs, a participant in the Faith Technologies, Inc. 401(k) Retirement Plan (the Plan), brings this case as a proposed class action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(2), against Defendants Faith Technologies, Inc., the Board of Directors of Faith Technologies, Inc., and John Does 1 through 30. On December 1, 2020, Defendants filed a motion to dismiss Plaintiff's complaint. On September 16, 2021, the Court referred the case to Magistrate Judge Stephen C. Dries to address any motions. Magistrate Judge Dries issued a Report and Recommendation to partially grant the motion to dismiss on September 30, 2021. The parties filed timely objections to the Report and Recommendation.

On December 8, 2021, the Court stayed and administratively closed the case pending the Supreme Court's decision in *Hughes v. Northwestern University*, No. 19-1401. The Supreme Court issued a decision in *Hughes* on January 24, 2022. 142 S. Ct. 737 (2022). That same day, the Court lifted the stay and invited the parties to submit simultaneous supplemental briefing in

light of the Supreme Court's decision. The parties submitted supplemental briefs on February 7, 2022. The matter is now ready for decision.

Plaintiff asserted five claims for relief in her complaint: breaches of duties of loyalty and prudence regarding recordkeeping and administration fees (Count I); breaches of duty of loyalty and prudence regarding investment management fees (Count II); failure to adequately monitor other fiduciaries regarding recordkeeping and administration fees (Count III); failure to adequately monitor other fiduciaries regarding investment management fees (Count IV); and engaging in prohibited party-in-interest transactions (Count V). In the Report and Recommendation, the Magistrate Judge recommended that Defendants' motion to dismiss be granted with respect to Counts II and IV because those claims are precluded by *Divane v. Northwestern University*, 953 F.3d 980, 991 (7th Cir. 2020), and Count V because Plaintiff lacks standing to bring the claim. The Magistrate Judge recommended that the motion be denied with respect to Claims I and III because Plaintiff stated valid claims for breach of fiduciary duties (but not for breach of the duty of loyalty) based on Defendants' alleged failure to shop for or negotiate recordkeeping fees. Plaintiff filed objections to the Report and Recommendation dealing with her allegations of Defendants' breach of the duty of prudence and to monitor regarding the high-cost funds and stable value investments, disclosure of revenue-sharing arrangement, and investment services. Defendants filed objections to the Report and Recommendation dealing with Plaintiff's allegations of Defendants' breach of the duty of prudence and to monitor regarding the recordkeeping fees as well as Plaintiff's standing as to investments she never selected or fees she did not pay.

The Court may accept, reject, or modify—in whole or in part—the findings or recommendations of the magistrate judge made in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made.

2

*Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

As an initial matter, no party filed an objection to the portion of the Report and Recommendation dealing with the dismissal of Plaintiff's breach of the duty of loyalty and prohibited party-in-interest transaction claims. Upon clear-error review, the Court adopts the Report and Recommendation as to these claims.

Having reviewed *de novo* the Magistrate Judge's Report and Recommendation, the Court adopts the Magistrate Judge's well-reasoned recommendation on the issues of standing, breach of the duty of prudence and to monitor based on Defendants' alleged failure to shop for or negotiate recordkeeping fees, and breach of the duty of prudence based on Defendants' alleged failure to disclose the revenue-sharing arrangement.

However, the Court rejects the Magistrate Judge's recommendation on the issues of breach of the duty of prudence and to monitor based on Defendants' alleged offering of higher-cost actively managed investments and Prudential GIC, and failure to follow a prudent process in selecting Prudential's GoalMaker Asset Allocation Service. In the Supreme Court's most recent decision discussing the fiduciary's duty of prudence, the Court reversed key Seventh Circuit rulings on which the Magistrate Judge had relied. *Hughes v. Northwestern Univ.*, 142 S. Ct. 737 (2022). There, the plaintiffs alleged that the defendants violated their duty of prudence by offering needlessly expensive investment options and failing to solicit quotes or competitive bids for recordkeeping services. The Seventh Circuit held that the plaintiffs failed to state a claim because the plan offered a mix of low-cost index funds, including the types of funds the plaintiffs wanted. Because the plaintiffs' preferred type of investments were available, the court reasoned, the

plaintiffs could not complain about the flaws in the other options. The Seventh Circuit also found that the amount of recordkeeping fees paid were within the participants' control, since "'plan participants had options to keep the expense ratios (and, therefore, recordkeeping expenses) low.'" *Id.* at 742 (quoting *Divane v. Northwestern Univ.*, 953 F.3d 980, 991 (7th Cir. 2020)).

The Supreme Court rejected the argument that the availability of plan options eliminated any concern that certain plan options were imprudent. The Court explained that the Seventh Circuit's holding "is inconsistent with the context-specific inquiry that ERISA requires and fails to take into account respondents' duty to monitor all plan investments and remove any imprudent ones." *Id.* at 740 (citing *Tibble v. Edison Int'l*, 575 U.S. 523, 530 (2015)). The Court remanded the case so that the lower court could "reevaluate the allegations as a whole" by considering whether the plaintiffs "have plausibly alleged a violation of the duty of prudence as articulated in *Tibble*, applying the pleading standard discussed in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)." *Id.* at 742. The Court noted that "[b]ecause the content of the duty of prudence turns on the circumstances prevailing at the time the fiduciary acts, the appropriate inquiry will necessarily be context specific." *Id.* (internal quotation marks, citations, and alterations omitted).

While the Magistrate Judge properly considered the motion under the law as it existed at the time, the analysis can no longer stand in light of the Supreme Court's decision in *Hughes*. Accordingly, the Court declines to adopt the Magistrate Judge's discussion of those issues and will consider them below.

Plaintiff alleges that Defendants breached their fiduciary duty by retaining high-cost actively managed investments. Compl. ¶ 148. She also asserts that Defendants breached their fiduciary duty by offering the Prudential GIC, a stable value investment, because it had excessive

4

spread fees and lacked diversification. *Id.* ¶¶ 173–86. Plaintiff contends that Defendants should have selected the less expensive "Benchmark GIC." Defendants rely on *Divane* for the proposition that a plaintiff cannot establish imprudence when the plan offers a "wide range of investment options and fees." 953 F.3d at 992 (citations omitted). While Defendants concede that the Supreme Court's decision in *Hughes* renders this argument moot, they argue that Plaintiff's claims remain implausible.

Plaintiff does not generally oppose actively managed funds. Instead, she maintains that, although actively managed funds can be part of the mix of investments of a plan if a prudent process has been followed in selecting them, Defendants breached their fiduciary duty by failing to make a specific and informed finding regarding the cost of the investment options in the Plan. Compl. ¶ 124. Plaintiff alleges that the fees charged were up to 520% more expensive than the fees for comparable institutional mutual funds that were used by other similar plans. *Id.* ¶ 133. Although Plaintiff has provided comparative tables to suggest that Defendants engaged in an imprudent process when selecting those investments, Plaintiff is not suggesting that the difference in the cost alone creates a cause of action. The difference in cost, however, does raise an inference that Defendants engaged in an imprudent process when selecting those investments by failing to consider materially similar and less expensive alternatives. Therefore, Plaintiff has stated a claim that Defendants breached their fiduciary duty by retaining high-cost actively managed investments and offering the Prudential GIC without undertaking an appropriate process.

Plaintiff also alleges that Defendants failed to follow a prudent process in selecting Prudential's GoalMaker Asset Allocation Service. *Id.* ¶¶ 155–86. She asserts that the Prudential GoalMaker asset allocation service funneled employees' retirement savings into imprudent funds that paid excessive fees to Prudential and mostly excluded low-cost index funds that did not pay

5

fees to Prudential. Plaintiff alleges that participants in the GoalMaker service had their assets directed toward funds with excessive fees. She claims that approximately $25,000,000 of the Plan's assets were invested in the Prudential Guaranteed Income Fund, which charged highly inflated fees compared not only to competitors but to the fees Prudential charged its other clients. *Id.* ¶ 173. Defendants argue that the Plan's offering of GoalMaker as an optional service cannot plausibly show imprudence because GoalMaker is one investment option that participants can choose based on their personal preferences. Defendants also assert that Plaintiff's alternative funds are not appropriate comparisons. But these factual questions are inappropriate at the pleading stage. Plaintiff has asserted allegations from which it can be inferred that Defendants followed an imprudent process in selecting Prudential's GoalMaker Asset Allocation Service.

Finally, Plaintiff's breach of the duty to monitor claim is derivative of the breach of fiduciary claim. Because Plaintiff has stated claims for breach of fiduciary duty with respect to high-cost funds and stable value assets as well as investment services, she has also stated a claim that Defendants breached their duty to monitor in these respects.

For these reasons, the Court orders that the Report and Recommendation (Dkt. No. 27) is **ADOPTED-IN-PART** and Defendants' motion to dismiss (Dkt. No. 9) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion is granted with respect to Plaintiff's breaches of duty of loyalty claims, breach of the duty of prudence claim based on Defendant's alleged failure to disclose the revenue-sharing arrangement, and prohibited party-in-interest transaction claim, and those claims are dismissed. What remains are Plaintiff's claims for breach of the duty of prudence and to monitor based on Defendants' alleged failure to shop for or negotiate recordkeeping fees, failure to follow a prudent process in selecting Prudential's GoalMaker Asset Allocation Service,

and offering of higher-cost actively managed investments and Prudential GIC. The Clerk is directed to set the matter on the Court's calendar for a Rule 16 telephonic scheduling conference.

**SO ORDERED** at Green Bay, Wisconsin this 22nd day of August, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge